IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Damon S. Lloyd,

    Plaintiff,

  v.                                  Case No. 2:20-cv-1074

Deanna Pettit, et al.,

    Defendants.

ORDER

    Plaintiff Damon S. Lloyd, a state inmate proceeding pro se, has filed two motions for leave to proceed in this case in forma pauperis under 28 U.S.C. §1915(a). On March 31, 2020, the magistrate judge issued a report and recommendation noting that over the past six months, plaintiff has deposited more than $2,000 into his inmate trust account. The magistrate judge found that plaintiff has sufficient assets such that paying the one-time filing fee of $400 would not impose an undue hardship upon him or deprive plaintiff of the necessities of life. The magistrate judge recommended that plaintiff's motions be denied. On April 9, 2020, plaintiff filed an objection to the report and recommendation.

    If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

    The magistrate judge correctly noted that an affidavit of

poverty is sufficient if it reflects that the plaintiff cannot pay the court's filing fee without depriving himself and his dependents of the necessities of life. Adkins v. E.I. DuPont de Nemours & Co., Inc., 335 U.S. 331, 339 (1984). Paying the filing fee must be more than a mere hardship. Foster v. Cuyahoga Dep't of Health & Human Servs., 21 F. App'x 239, 240 (6th Cir. 2001). The magistrate judge concluded that plaintiff failed to establish that paying the filing fee would cause plaintiff to deprive himself of the necessities of life.

In his objection, plaintiff claims that he receives $320.00 per month from his mother so that he can pay for medications, hygiene and food, and that without these funds, his income would be $20.00 per month. However, funds received from sources other than prison income may be considered in determining whether an inmate is financially able to pay a filing fee. See Wilson v. Sargent, 313 F.3d 1315, 1319-20 (11th Cir. 2002)(district court could assess an initial partial filing fee based on the $50 per month sent by family members). Nothing in plaintiff's objections establishes that payment of the filing fee would cause plaintiff to deprive himself of the necessities of life. The court agrees with the conclusion of the magistrate judge that plaintiff has sufficient funds in his inmate trust account to pay the one-time filing fee.

The court adopts the report and recommendation (Doc. 4). The objection (Doc. 5) is denied. Plaintiff's motions for leave to proceed in forma pauperis (Docs. 1 and 3) are denied.

Date: April 15, 2020      s/James L. Graham
                          James L. Graham
                          United States District Judge