IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAMON S. LLOYD,

      Plaintiff,

  v.                                  Civil Action 2:20-cv-1074
                                      Judge James L. Graham
                                      Magistrate Judge Kimberly A. Jolson

DEANNA PETTIT, et al.,

      Defendants.

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff Damon S. Lloyd is an inmate at Chillicothe Correctional Institution who is proceeding *pro se* against Defendants Deanna Pettit, Corby Free, Timothy Shoop, Rebecca Casto, Antonio Lee, Christopher Lambert, and Annette Chambers Smith.  (Doc. 1-1).  Because Plaintiff has paid the filing fee, this matter is before the undersigned for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(A).  For the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims against Defendants Free, Shoop, Casto, Lambert, Lee, and Chambers Smith and that Plaintiff be permitted to proceed with his claim against Defendant Pettit.  Also before the Court is Plaintiff's Motion to Appoint Counsel (Doc. 8).  The Motion is **DENIED without prejudice**.

    **I.**    **BACKGROUND**

Plaintiff alleges that, on September 5, 2019, Defendant Pettit subjected him and 70 other inmates to corporal punishment in response to an anonymous slur and her failure to receive a promotion.  (Doc. 1-1, ¶ 1).  Defendant Pettit also filed "unsanctioned conduct reports" on 71 inmates that same day.  (*Id.*).

Plaintiff subsequently filed an informal grievance against Defendant Pettit for her actions. (*Id.*, ¶ 2). According to him, the remaining Defendants failed to provide him with an effective grievance process and arbitrarily denied his grievances. (*Id.*, ¶¶ 2–10, 13–14). During the grievance process, Defendant Pettit also threatened him for communicating with his family. (*Id.*, ¶ 11).

Plaintiff filed his Complaint on February 27, 2020, alleging that Defendants violated his rights under the First, Fifth, Eighth, Thirteenth, and Fourteenth Amendments. (*Id.* at 3–4). He requests that the Court grant him declaratory and injunctive relief accordingly. (*Id.*).

## II. STANDARD OF REVIEW

The Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)-(b). In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In sum, although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## III. DISCUSSION

Plaintiff has failed to state a claim upon which relief can be granted against Defendants Free, Shoop, Casto, Lambert, Lee, and Chambers Smith. He alleges that they failed to provide

him with a proper grievance process and arbitrarily denied his grievances. (Doc. 1-1, ¶¶ 2–10, 13–14). But "[t]he Sixth Circuit has held that prisoners do not have a constitutionally protected liberty interest in an inmate grievance procedure." *Archibald v. Warren Cty. Reg'l Jail*, No. 1:18-CV-P63-GNS, 2018 WL 5270337, at *5 (W.D. Ky. Oct. 23, 2018) (collecting cases). Defendants' "failure to respond, or other deficiencies in the grievance process, . . . do not give rise to a plausible claim of federal constitutional dimension because [Plaintiff] has no right under the Constitution to an effective prison grievance procedure." *Haywood v. Gifford*, No. 1:17-CV-398, 2017 WL 5633316, at *3 (S.D. Ohio Oct. 4, 2017), *report and recommendation adopted*, No. 1:17-CV-398, 2017 WL 5598167 (S.D. Ohio Nov. 21, 2017) (collecting cases). The Undersigned recommends that Plaintiff's claims against Defendants Free, Shoop, Casto, Lambert, Lee and Chambers Smith be dismissed as a result.

### IV. MOTION TO APPOINT COUNSEL

This matter is before the Court on Plaintiff's Motion to Appoint Counsel (Doc. 8). Because the action has not yet progressed to the point that the Court is able to evaluate the merits of Plaintiff's claim, the Court will not appoint counsel at this time. *See Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir. 1985) (en banc) ("[I]n considering an application for appointment of counsel, district courts should consider plaintiff's financial resources, the efforts of plaintiff to obtain counsel, and whether plaintiff's claim appears to have any merit."). The Motion is, therefore, **DENIED without prejudice**.

### V. CONCLUSION

Having performed an initial screen pursuant to 28 U.S.C. § 1915A, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims against Defendants Free, Shoop, Casto, Lambert, Lee, and Chambers Smith and that Plaintiff be permitted to proceed with his claim

against Defendant Pettit.  Plaintiff's Motion to Appoint Counsel (Doc. 8) is **DENIED without prejudice**.

### Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date:  June 1, 2020    /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE