IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Damon Lloyd,

    Plaintiff,

  v.                           Case No. 2:20-cv-1074

Deanna Pettit,
et al.,

    Defendants.

<u>OPINION AND ORDER</u>

    Plaintiff Damon Lloyd, an inmate incarcerated at the Chillicothe Correctional Institution, proceeding <u>pro se</u>, filed this action under 42 U.S.C. §1983 against Unit Manager Deanna Pettit, Institution Inspector Corby Free, Warden Timothy Shoop, Deputy Warden Rebecca Casto, Chief Inspector Antonio Lee, Ohio Department of Rehabilitation and Correction ("ODRC") Attorney Christopher Lampert, and ODRC Director Annette Chambers Smith.  Plaintiff alleged that the defendants violated his constitutional rights under the First, Fifth, Eight, Thirteenth and Fourteenth Amendments.  Specifically, plaintiff alleged that Unit Manager Pettit: subjected him to corporal punishment in retaliation for an anonymous slur and failure to obtain the promotion she sought; filed unsanctioned conduct reports against seventy-one inmates about the use of clothes hooks and shelves; and threatened plaintiff concerning his communications with his mother and daughter, who were trying to create a website concerning his wrongful incarceration.  Plaintiff's claims against the other defendants concern their handling of his grievances.

    On June 6, 2020, the magistrate judge filed a report and recommendation.  The magistrate judge conducted an initial screen

of plaintiff's complaint pursuant to 28 U.S.C. §1915A, which requires the court, "in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," to dismiss a complaint that fails to state a claim upon which relief may be granted. 28 U.S.C. §1915A(a)-(b)(1). The magistrate judge recommended that plaintiff be permitted to proceed with his claims against Pettit, but concluded that the claims against the other defendants should be dismissed for failure to state a constitutional claim for relief.

I. Standard of Review

This matter is before the court for consideration of plaintiff's objection (Doc. 10) to the magistrate judge's report and recommendation. If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

Title 28 U.S.C. §1915(e) requires the sua sponte dismissal of an action upon the court's determination that the action fails to state a claim upon which relief may be granted. Grinter v. Knight, 532 F.3d 567, 572 (6th Cir. 2008). Courts conducting initial screens under §1915(e) apply the motion to dismiss standard. See, e.g., Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying Fed. R. Civ. P. 12(b)(6) standards to review under 28 U.S.C. §§1915A and 1915(e)(2)(B)(ii)).

2

Courts ruling on a motion to dismiss under Rule 12(b)(6) construe the complaint in a light most favorable to the plaintiff, accepting all well-pleaded allegations in the complaint as true, and determining whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bishop v. Lucent Techs., Inc., 520 F.3d 516, 519 (6th Cir. 2008).  To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005).

II. Plaintiff's Objection

As the magistrate judge noted, prisoners do not have a constitutionally protected liberty interest in an inmate grievance system.  Doc. 9, p. 3 (citing Haywood v. Gifford, No. 1:17-CV-398, 2017 WL 5633316, at *3 (S.D. Ohio Oct. 4, 2017), report and recommendation adopted, 2017 WL 5598167 (S.D. Ohio Nov. 21, 2017). Prison officials whose only roles involve their denial of administrative grievances and their failure to remedy the alleged unconstitutional behavior cannot be liable under §1983.  Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999).  See also Walker v. Michigan Dept. of Corrections, 128 F'Appx. 441, 445 (6th Cir. 2005)(there is no constitutionally protected due process right to unfettered access to prison grievance procedures); Haywood, 2017 WL 5633316, at *3 (complaints about defendants' failure to provide plaintiff with forms, to respond to grievances, or other deficiencies in the grievance process do not give rise to a plausible claim because plaintiff had no constitutional right to an

effective prison grievance procedure).

Plaintiff's only objection concerns the magistrate judge's recommendation that the claims against Inspector Free be dismissed. Plaintiff alleged that when he made an informal complaint concerning Pettit's alleged conduct to Warden Shoop, Inspector Free redirected this complaint to Pettit, who then denied the informal complaint without authority.  Complaint, ¶¶ 2 and 3.  Plaintiff also alleged that when he pursued the next step of the inmate grievance process, Inspector Free denied the grievance. Complaint, ¶ 5.  Plaintiff further alleged that on September 26, 2019, he was "passed to the Institutional Inspector's Office, I.E., Corby Free, who confirmed his bias and that he had redirected my original complaint to Timothy Shoop to Deanna Pettit."  According to plaintiff, Free challenged him to "write it up and see how far it goes[.]"  Complaint, ¶ 10.  Plaintiff then filed a grievance against Free, but this grievance was denied. Complaint, ¶¶ 13, 14.

Plaintiff argues for the first time in his objection that Inspector Free's conduct amounted to personal involvement and direct participation in and approval of Pettit's conduct, and that his actions were sufficiently connected to Pettit's alleged violations to render him liable.  However, the doctrine of <u>respondeat</u> <u>superior</u> does not apply in §1983 actions to impute liability onto supervisory personnel. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676 (2009).  To hold a supervisor liable under § 1983, plaintiff "must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct[.]"  <u>Everson v. Leis</u>, 556 F.3d 484, 495 (6th Cir. 2009).  No facts are pleaded in the complaint which

4

indicate that Inspector Free authorized, approved, or acquiesced in the corporal punishment scheme or any acts of harassment allegedly initiated by Pettit.

The only allegations in the complaint concern Inspector Free's role in the grievance proceedings which plaintiff pursued after Pettit's alleged misconduct. Inspector Free's alleged failure to follow proper grievance procedures and his denial of plaintiff's grievance are not sufficient to render him liable under §1983. See Luttrell, 199 F.3d at 300 (prison officials whose only roles involve their denial of administrative grievances and their failure to remedy alleged unconstitutional behavior cannot be liable under §1983); Knop v. Johnson, 977 F.2d 966, 1014 (6th Cir. 1992)(prison official's alleged failure to adequately investigate claims of misconduct does not rise to the level of encouragement that would make the official liable for such misconduct); Haywood, 2017 WL 5622216, at *3 (deficiencies in the grievance process do not give rise to a plausible claim of federal constitutional dimension).

The court agrees with the magistrate judge's conclusion that the complaint fails to allege a claim against Inspector Free, and plaintiff's objection is denied.

III. Conclusion

In accordance with the foregoing, the court adopts the report and recommendation (Doc. 9). The claims against defendants Free, Shoop, Casto, Lee, Lampert, and Chambers Smith are dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim for which relief may be granted, and the clerk is directed to terminate these defendants on the docket. Plaintiff will be permitted to proceed with his claim against defendant Pettit.

It is so ordered.

Date: October 7, 2020             <u>    s/James L. Graham    </u>
                                  James L. Graham
                                  United States District Judge