IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DAMON S. LLOYD,**

       **Plaintiff,**

  v.                                 **Civil Action 2:20-cv-1074**
                                         **Judge James L. Graham**
                                         **Magistrate Judge Kimberly A. Jolson**

**DEANNA PETTIT, et al.,**

       **Defendants.**

**OPINION AND ORDER & SCHEDULING ORDER**

The matter is before the Court on Defendant's Motion for Leave to File her Answer (Doc. 29), and Plaintiff's Motion to Appoint Counsel & Motion for Preliminary Injunction (Doc. 32). Defendant's Motion (Doc. 29) is **GRANTED**, and Plaintiff's Motion (Doc. 32) is **DENIED without prejudice**. Additionally, Plaintiff's Objection to Answer to Complaint (Doc. 35) is **STRICKEN**. Finally, this case needs to get underway, and a scheduling order is below.

    I.      **Defendant's Motion for Leave to File Her Answer (Doc. 29)**

Defendant admits that she missed her deadline to answer the Complaint in this matter, and she has asked for more time. Under Rule 6(b) of the Federal Rules of Civil Procedure the time to complete an act required by the rules (or by court order) may be enlarged after the expiration of that time upon a showing of excusable neglect. The Supreme Court has characterized "excusable neglect" as an "elastic concept." *Pioneer Inv. Services Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 388 (1993). Meaning, "a court is permitted, where appropriate, to accept late filings caused by inadvertence, mistakes, or carelessness even when an adequate excuse is not tendered." *Id.* (interal quotation marks omitted).

Here, defense counsel represents that due to the COVID-19 pandemic, all Ohio Department

of Correction and Rehabilitation ("ODRC") facilities have implemented safety measures to combat the spread of COVID-19. (Doc. 29 at 2). As part of these precautions, many ODRC employees are working remotely. (*Id.*). As a result, says defense counsel, there was a significant delay in counsel learning that service had been executed in this matter. (*Id.*). Defense counsel also notes that he, too, is working remotely and with a heavy caseload. (*Id.*).

Although Plaintiff challenges defense counsel's representations (Doc. 34), the Court finds that Defendant has shown excusable neglect here. Further, any prejudice to Plaintiff is slight. Defendant's answer was due on February 18, 2021 (Doc. 28), and she filed not even two weeks late, on March 2, 2021 (Doc. 30). Thus, Defendant's Motion is GRANTED. The Court notes, however, that it expects Defendant to meet all deadlines going forward.

**II.     Plaintiff's Motion to Appoint Counsel & Motion for Preliminary Injunction (Doc. 32), and Plaintiff's Objection to Answer to Complaint (Doc. 35)**

On March 3, 2021, Plaintiff filed a motion, captioned Judicial Notice Show Cause, Request for Preliminary Injunction, and Request for Appointment of Counsel. (Doc. 32). The Motion reads more like a letter or a list of grievances, but regardless, it is not a proper filing before this Court in this case. This matter has been pending for more than a year and needs to proceed to the merits. The allegations in the Motion have occurred in the past couple of months. If Plaintiff wants the Court to address those concerns, a motion for leave to amend needs to be filed, or Plaintiff needs to file a separate action. Indeed, the Undersigned notes that much of the filing is about a "Mr. Stevens," who is not a defendant in this case. Accordingly, to the extent Plaintiff seeks preliminary injunctive relief in the Motion, that request is **DENIED without prejudice** because the claims are not properly before the Court.

Likewise, Plaintiff's request for counsel is **DENIED without prejudice**. Because the action has not yet progressed to the point that the Court is able to evaluate the merits of Plaintiff's

claim, it is premature to appoint counsel. *See Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir. 1985) (en banc) ("[I]n considering an application for appointment of counsel, district courts should consider plaintiff's financial resources, the efforts of plaintiff to obtain counsel, and whether plaintiff's claim appears to have any merit.").

Additionally, Plaintiff objected to the substance of what Defendant said in her answer. (*See* Doc. 35). But the Federal Rules do not permit such a filing. Accordingly, the Clerk is **DIRECTED to STRIKE** the filing (Doc. 35) from the docket. In the future, Plaintiff will have other opportunities to challenge Defendant's representations.

### III. Scheduling Order

This case has been pending for over a year, and discovery has not yet begun. Accordingly, the parties are **DIRECTED** to proceed expeditiously and make every effort to meet the deadlines set as follows:

#### A. Jurisdiction

Within fourteen (14) days of the date of this Scheduling Order, each party will serve on each opposing party or counsel a completed form, as attached to this Scheduling Order, indicating whether that party consents to disposition of the case by the United States Magistrate Judge. *See* 28 U.S.C. § 636(c).

#### B. Discovery Procedures

Discovery may proceed and shall be completed by August 9, 2021. For purposes of complying with this order, all parties shall schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date, and shall file any motions relating to discovery within the discovery period unless it is impossible or impractical to do so.

3

Depositions of any persons who are incarcerated may proceed on such terms and conditions as the institution shall impose.

### C. Dispositive Motions

Any dispositive motion shall be filed by September 13, 2021.

This schedule may be modified upon motion and for good cause shown. *See* Fed. R. Civ. P. 16(b)(4).

### IV. Conclusion

For the foregoing reasons, Defendant's Motion for Leave to File her Answer (Doc. 29) is **GRANTED**; Plaintiff's Motion to Appoint Counsel & Motion for Preliminary Injunction (Doc. 32) is **DENIED**; and Plaintiff's Objection to Answer to Complaint (Doc. 35) is **STRICKEN**.

IT IS SO ORDERED.

Date: April 9, 2021 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE