IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **DAMON S. LLOYD,** | |
| Plaintiff, | Case No. 2:20-cv-1074 |
| v. | Judge James L. Graham |
| **DEANNA PETTIT,** *et al.*, | Magistrate Judge Kimberly A. Jolson |
| Defendants. | |

**OPINION AND ORDER**

This matter is before the Court for consideration of Plaintiff Damon Lloyd's objections (ECF No. 58) to the Report and Recommendation issued by Magistrate Judge Jolson on February 1, 2022 (ECF No. 55). Magistrate Judge Jolson recommended that Defendant's Motion for Summary Judgment (ECF No. 48) be granted, and that Plaintiff's Motion for Summary Judgment (ECF No. 50) be denied. Magistrate Judge Jolson also recommended that Plaintiff's renewed Motion to Appoint Counsel (*Id.* at 9) be denied as moot.

For the reasons set forth below, the Court **OVERRULES** Plaintiff's objections (ECF No. 58) and **ADOPTS** the Report and Recommendation issued by Magistrate Judge Jolson (ECF No. 55).

**I.     BACKGROUND**

On September 13, 2021, Defendant Deanna Pettit filed a motion for summary judgment (ECF No. 48), to which Plaintiff responded in opposition and filed a cross-motion for summary judgment (ECF No. 50). After the cross-motions were fully briefed and ripe for adjudication, Magistrate Judge Jolson issued her Report and Recommendation on February 1, 2022.

1

Magistrate Judge Jolson recommended that summary judgment be granted in favor of Pettit and against Plaintiff on both of Plaintiff's retaliation claims, because Plaintiff failed to present sufficient evidence to establish all of the necessary elements of his retaliation claims.

On March 7, 2022, Plaintiff timely filed his objections to the Report and Recommendation.

Thereafter, Pettit filed Defendants' Response to Plaintiff's Objections to the Report and Recommendation. (ECF No. 59.)

This matter is ripe for resolution.

**II.    STANDARD OF REVIEW**

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b).  Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  As required by 28 U.S.C. § 636(b)(1)(C), the Court will make a *de novo* review of those portions of the Report and Recommendation to which Plaintiff specifically objects.

**III.   DISCUSSION**

In the case at bar, Plaintiff brings two retaliation claims against Pettit.

Plaintiff first alleges that on September 5, 2019, Pettit filed unsanctioned conduct reports against Plaintiff and seventy other inmates in the F-1 dorm for the presence of "contraband" shelves and hooks that had been installed years earlier, and that Pettit filed these reports in retaliation for a slur directed at her by an unidentified inmate and for her failure to obtain a promotion. (ECF No. 21 at 108.)

Plaintiff next alleges that after he complained about Pettit's alleged conduct to the warden and other CCI employees, Pettit threatened him concerning his communications with his mother and daughter who were trying to create a website concerning his wrongful incarceration. (*Id.* at 109.) Plaintiff also alleges that a corrections officer "shook-down" his cell. (*Id.*)

To establish a claim for retaliation under the First Amendment, a plaintiff must establish the following: "'(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) . . . the adverse action was motivated at least in part by the plaintiff's protected conduct.'" *Berkshire v. Beauvais,* 928 F.3d 520, 531 (6th Cir. 2019) (quoting *King v. Zamiara,* 680 F.3d 686, 694 (6th Cir. 2012)).

**A. Plaintiff's First Retaliation Claim: the September 5, 2019 Conduct Report**

After reviewing Plaintiff's first retaliation claim and the record evidence in this case, Magistrate Judge Jolson determined that Plaintiff failed to allege sufficient facts to establish that a genuine dispute of material fact exists as to whether he was engaged in constitutionally protected conduct and whether that protected conduct motivated Pettit's adverse action against him. It is undisputed that Plaintiff was not the inmate who engaged in the alleged protected conduct by yelling the slur at Pettit. (ECF No. 21 at 108; ECF No. 48-1 at 230.) Magistrate Judge Jolson also noted that Plaintiff did not have any responsibility or influence over Pettit's promotion prospects, and that Plaintiff failed to establish any connection between his own actions and Pettit's alleged loss of promotion, or even offer evidence that would allow a reasonable inference that such a connection existed. (ECF No. 55 at 371.) Since neither the slur nor Pettit's alleged loss of promotion involved any conduct by Plaintiff, Magistrate Judge Jolson concluded that Plaintiff's first retaliation claim failed due to lack of evidence that Plaintiff was engaged in any

3

constitutionally protected conduct or that his protected conduct was the reason Pettit issued him the September 5, 2019 conduct report.

Plaintiff's objections do not focus on either of these elements.  Instead, Plaintiff argues that Magistrate Judge Jolson found that Plaintiff sufficiently alleged Pettit took an adverse action against him, as courts have routinely found that conduct reports can be considered adverse actions at the summary judgment stage. (ECF No. 55 at 370) (collecting cases.)  But that determination alone is not enough to salvage Plaintiff's retaliation claim.  Because Plaintiff has not offered any evidence from which the Court may infer that he was exercising a constitutional right and that Pettit issued the conduct report to punish him for the exercise of that right, Plaintiff has failed to show that there is a genuine dispute of material fact regarding either the first or third elements of his claim.  As Plaintiff cannot establish the first and third elements of his retaliation claim against Pettit for the issuance of the September 5, 2019 conduct report, that claim fails as a matter of law and warrants dismissal.  Plaintiff's objection is therefore overruled.

### B.  Plaintiff's Second Retaliation Claim: Threats and Cell Shakedown

After examining Plaintiff's second retaliation claim, Magistrate Judge Jolson determined that Plaintiff satisfied the first element through his utilization of the prison grievance system, as he "engaged in conduct protected by the First Amendment."  *Hill v. Lappin,* 630 F.3d 468, 472 (6th Cir. 2010).  But she also found that Plaintiff did not offer sufficient evidence to demonstrate that a genuine dispute of material fact exists as to whether Pettit took an adverse action against him and whether that action was motivated by his protected conduct.

Though Plaintiff alleges that Pettit threatened his communication with his mother and daughter, Plaintiff's Complaint fails to elaborate any further.  Plaintiff also failed to offer any further evidence at summary judgment to support his allegation.  Magistrate Judge Jolson therefore

4

concluded that without further details, the Court cannot determine that the alleged threats made by Pettit constitute adverse action sufficient to satisfy the second element of a First Amendment retaliation claim. "[V]ague threats of unspecified harm do not constitute adverse actions." *Harris v. Sowers,* No. 2:16-CV-888, 2020 WL 6823117, at *3 (S.D. Ohio Nov. 20, 2020) (cleaned up).

Plaintiff objects by stating that he was told by one of the F-1 sergeants "that Unit Manager Pettit . . . is pissed and out for blood!" (ECF No. 58 at 402.) But as Magistrate Judge Jolson already concluded, vague threats cannot satisfy the second element of Plaintiff's retaliation claim. *See also Hardy v. Adams,* No. 16-2055, 2018 WL 3559190, at *3 (6th Cir. Apr. 13, 2018) ("The alleged threat by [the defendant] that she would make [the plaintiff's] life 'hell' is simply too vague to pass this threshold."). Moreover, this alleged threat constitutes hearsay, which cannot be considered at summary judgment. *Back v. Nestlé USA, Inc.*, 694 F.3d 571, 580 (6th Cir. 2012) ("[H]earsay evidence cannot be considered on summary judgment.") Therefore, Plaintiff's objection is overruled.

Magistrate Judge Jolson considered the issue of whether the shakedown of Plaintiff's cell constituted an adverse action to be a closer call, but she ultimately concluded that because Plaintiff does not allege that anything was taken from his cell or that he suffered any associated injury, the search of Plaintiff's cell alone does not satisfy the adverse action element of Plaintiff's second retaliation claim. "The search of [Plaintiff's cell], without some other associated injury, does not constitute an adverse action such 'that [it] would deter a person of ordinary firmness from the exercise of the right at stake.'" (ECF No. 55 at 375 (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999).) *See, e.g., Bell v. Johnson,* 308 F.3d 594, 604 (6th Cir. 2002) (finding that a retaliatory cell search *and* seizure of an inmate's legal documents satisfies the adverse action prong) (emphasis added).

5

Plaintiff summarily objects to this determination by insisting that he has provided sufficient evidence that adverse actions were taken against him, because "an [adverse] action is one that would deter a person of ordinary firmness from the exercise of the right at stake." But Plaintiff fails to accompany his statement with any additional evidence. The Court therefore agrees with Magistrate Judge Jolson's conclusion and finds nothing in Plaintiff's objections to suggest that he has provided sufficient evidence "'that the defendant's adverse action caused the plaintiff to suffer an injury that would likely chill a person of ordinary firmness from continuing to engage in that activity.'" *Thaddeus-X*, 175 F.3d at 397 (quoting *Bloch v. Ribar,* 156 F.3d 673, 678 (6th Cir. 1998)). Plaintiff's objection is therefore overruled.

The Court also finds that Magistrate Judge Jolson correctly concluded that conclusory allegations are not enough to satisfy the third element of Plaintiff's second retaliation claim. *See Skinner v. Bolden,* 89 F. App'x 579, 579–80 (6th Cir. 2004) (holding that, without supporting evidence, "conclusory allegations of temporal proximity are not sufficient to show a retaliatory motive"); *Smith v. Campbell,* 250 F.3d 1032, 1038–39 (6th Cir. 2001) (finding that temporal proximity between protected conduct and adverse action was insufficient to establish a causal connection). Nothing in Plaintiff's objection to Magistrate Judge Jolson's determination convinces this Court that Magistrate Judge Jolson erred in that regard, and Plaintiff's objection is overruled.

## IV. CONCLUSION

Upon *de novo* review, the Court **OVERRULES** Plaintiff's objections (ECF No. 58) and **ADOPTS** the Report and Recommendation issued by Magistrate Judge Jolson on February 1, 2022 (ECF No. 55). Defendant, Deanna Pettit's, Motion for Summary Judgment (ECF No. 48) is therefore **GRANTED**, and Plaintiff's Motion for Summary Judgment (ECF No. 50) is **DENIED**.

6

This action is hereby **DISMISSED**, and Plaintiff's Motion for Appointment of Counsel is **DENIED** as **MOOT**.

The Clerk is instructed to enter judgment in favor of Defendant Deanna Pettit and close the case.

**IT IS SO ORDERED**.

/s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: April 26, 2022