# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DAMON S. LLOYD,**

    **Plaintiff,**

  v.                                 **Civil Action 2:20-cv-1074**
                                       **Judge James L. Graham**
                                       **Magistrate Judge Jolson**

**DEANNA PETTIT, et al.,**

    **Defendants.**

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion to Reopen Case (Doc. 70).  Plaintiff filed his Complaint on February 27, 2020, claiming violations of his rights under the First, Fifth, Eighth, Thirteenth, and Fourteenth Amendments, and requesting declaratory and injunctive relief. (Doc. 1-1 at 4; Doc. 21 at 4).  Specifically, he requested that the Court "declare the respective rights and duties of the defendant(s) in this matter and, in particular, that . . . the civil rights guaranteed by the 1st, 5th, 8th, 13th, and 14th amendments of the Constitution [are] enforceable and conflict[] with the prejudicial and arbitrary actions of the defendant(s)."  (Doc. 21 at 4).  He also requested "the removal of any/all Defendants whose deliberate indifference are contrary to the Constitution and legitimate penal interests and any other relief to which Plaintiff is justly entitled." (*Id*.).

The Court dismissed Plaintiff's claims against Defendants Free, Shoop, Casto, Lambert, Lee, and Chambers-Smith on October 8, 2020, allowing only claims against Defendant Pettit to proceed.  (Doc. 12).  The case proceeded, and Defendant Pettit filed a motion for summary judgment on September 13, 2021 (Doc. 48), to which Plaintiff responded in opposition and filed a cross-motion for summary judgment (Doc. 50).  On April 26, 2022, the Court granted Defendant

Pettit's Motion for Summary Judgment and denied Plaintiff's Motion for Summary Judgment. (Doc. 60).

Plaintiff then filed a Notice of Appeal to the United States Court of Appeals for the Sixth Circuit (Doc. 62) and moved for leave to appeal the judgment (Doc. 60) *in forma pauperis*. (Doc. 66). The Motion was denied, and Plaintiff was warned that his appeal would be dismissed for want of prosecution if he did not pay the appellate filing fee within thirty days. (Doc. 68). Consistent with its warning, the Sixth Circuit dismissed his appeal when Plaintiff did not timely pay the fee. (Doc. 69).

Rather than comply with the Sixth Circuit's Order, Plaintiff now seeks to reopen the case. (Doc. 70). The Motion is ripe for review. (Docs. 70, 71, 72). Plaintiff says that the case should be reopened because he recently obtained—through a public records request—a copy of a form signed by Defendant Pettit in which she acknowledged receipt of the Ohio Department of Rehabilitation and Correction ("ODRC") Standards of Employee Conduct. (Doc. 70). Plaintiff says that this piece of evidence shows that Defendant Pettit "knowingly provided false answers in the interrogatories[,]" because Defendant Pettit had responded that she was "unaware" of the new ODRC policies. (*Id.* at 1). While Plaintiff does not cite a specific rule under which the Court should reopen his case, the Undersigned liberally construes Plaintiff's Motion (Doc. 70) as a motion for relief from judgment under Federal Rule of Civil Procedure 60. In relevant part, the Rule reads:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> \*\*\*\*\*
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

2

*****

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(2)–(3), (6). None of the reasons for granting relief from judgment apply here.

To succeed on "a Rule 60(b)(2) motion, a movant must demonstrate (1) that it exercised due diligence in obtaining the information and (2) [that the newly discovered] evidence is material and controlling and clearly would have produced a different result if presented before the original judgment." *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998) (quotation marks and citation omitted). Plaintiff has demonstrated neither. As to diligence, Plaintiff had ample opportunity to conduct discovery. This case was pending before the Court for 790 days. (*See* Docs. 1, 61). He could have obtained this document signed by Defendant Pettit by simply requesting it pursuant to Federal Rules of Civil Procedure 26(b) and 34. Despite being pro se, Plaintiff understands how to conduct discovery, as evidenced by him serving Defendant Pettit with interrogatories. (*See* Doc. 70 at 1). So, Plaintiff has not shown reasonable diligence to warrant relief under Fed. R. Civ. P. 60(b)(2). *See Rhoden v. Campbell*, 202 F.3d 269, No. 98-6298, 1999 WL 1206958, at *4 (6th Cir. Dec. 10, 1999) (per curiam) (unpublished table decision) (district court properly denied motion to reopen where plaintiff made no attempt to show why he failed to exercise diligence).

While lack of reasonable diligence is a sufficient basis for not reopening a case under Rule 60(b)(2), Plaintiff has also not demonstrated that the newly discovered evidence is material to his claims. The acknowledgment form may be evidence of Defendant Pettit knowingly violating ODRC policy, but Plaintiff does not assert this in his Motion to Reopen. Nor does he assert that this acknowledgment form is evidence that Defendant Pettit violated his constitutional rights as necessary to prevail in a § 1983 claim such as his. And violations of ODRC policy do not, in and

3

of themselves, implicate constitutional concerns.  *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001) (citing *Purisch v. Tennessee Tech. Univ.*, 76 F.3d 1414, 1423 (6th Cir. 1996).  As such, Plaintiff has not established that this case should be reopened under Rule 60(b)(2).

And Rule 60(b)(3) does not apply here either.  "Rule 60(b)(3) ... requires a demonstration by the moving party, supported by clear and convincing evidence, that one or more of the three kinds of misbehavior referred to in the rule occurred."  *Lester v. Wow Car. Co.*, 675 F. App'x 588, 591 (6th Cir. 2017) (quotation omitted).  Plaintiff merely alleges—without any support—that Defendant Pettit lied in her answers to Plaintiff's interrogatories.  (Doc. 70 at 1).  But Plaintiff did not provide the Undersigned with a copy of Defendant Pettit's interrogatory answers.  Such a blanket assertion, without evidence of the alleged lying, does not sustain Plaintiff's burden and, consequently, he is not entitled to relief based on Rule 60(b)(3).

And, even if the Undersigned were to accept Plaintiff's assertions as true without additional supporting evidence, the acknowledgment form only shows that Defendant Pettit received the ODRC Standards of Employee Conduct.  This acknowledgment form does not, on its face, conflict with Defendant Pettit's interrogatory answer that she was "unaware" of the policy changes.  Conceivably, Defendant Pettit could have signed the acknowledgment form but failed to review the policy changes.  Without more from Plaintiff, the Undersigned cannot conclude that the acknowledgement form shows any fraud, misrepresentation, or misconduct by Defendant Pettit.  *See* Fed. R. Civ. P. 60(b)(3).

Lastly, the catchall provision—Fed. R. Civ. P. 60(b)(6)—also is inapplicable.  "Relief pursuant to Rule 60(b)(6) is available 'only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule' and 'only as a means to achieve substantial justice.'"  *Tanner v. Yukins*, 776 F.3d 434, 443 (6th Cir. 2015) (emphasis in original)

(quoting *Olle v. Henry Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)).  It "contemplates situations where something more ... is present than those situations contemplated by the other clauses in the rule.  The something more, ... must include unusual and extreme situations where principles of equity mandate relief." *Id.* (citations omitted).  Relevant factors "may include, in an appropriate case, the risk of injustice to the parties and the risk of undermining the public's confidence in the judicial process." *Buck v. Davis*, 580 U.S. 100, 123 (2017) (citations omitted).

Plaintiff's request—that he should get additional time to make his arguments again with additional evidence—are not such a circumstance.  Plaintiff had ample time to litigate his case (*see* Docs. 1, 61) and appeal the judgment.  He ultimately chose not to pursue his appeal by not paying the appropriate filing fee.  (Doc. 69).  Any grievances with the judgment could have been addressed in his now-abandoned appeal, and nothing Plaintiff has set forth in his Motion (Doc. 70) is so extraordinary as to require the Court to reopen his case.

Based upon the foregoing, the Undersigned **RECOMMENDS** that Plaintiff's Motion (Doc. 70) be **DENIED** and that this case remain terminated.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed finding or recommendations to which objection is made, together with supporting authority for the objection(s).  A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specific proposed findings or recommendations to which objection is made.  Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further

evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO RECOMMENDED.


Date: June 8, 2023                                             /s/ Kimberly A. Jolson
                                                               KIMBERLY A. JOLSON
                                                               UNITED STATES MAGISTRATE JUDGE