IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Damon S. Lloyd**,

    Plaintiff,

v.

**Deanna Pettit, et al.**,

    Defendants.

Case No: 2:20-cv-1074

Judge Graham

Magistrate Judge Jolson

**OPINION AND ORDER**

    Plaintiff Damon Lloyd, a prisoner proceeding *pro se*, brought this action under 42 U.S.C. § 1983. Judgment was granted in Defendants' favor on April 26, 2022. This matter is before the Court on the Magistrate Judge's June 8, 2023 Report and Recommendation (ECF No. 73), which recommended this Court deny Plaintiff's Motion to Reopen Case. (ECF No. 70.) Plaintiff filed Objections to the Report and Recommendation (ECF No. 74), Defendant responded to the Objections (ECF No. 75), and Plaintiff replied. (ECF No. 76.)

    If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

    In his Motion, Plaintiff argues the case should be reopened because he obtained a copy of a form signed by Defendant Deanna Pettit on which she acknowledges she received the Ohio Department of Rehabilitation and Correction Standards of Employee Conduct. He alleges that Defendant committed perjury in her interrogatories when she affirmed that she was unaware of the new ODRC policies. He does not explain how this alleged perjury would impact his legal claims beyond alleging that summary judgment cannot be granted when "the moving party has committed fraud upon the court where triable issues did exist." (ECF No. 70 at PAGEID 505.)

    In the Report and Recommendation, the Magistrate Judge first acknowledged that the Motion came to this Court several months after Plaintiff filed an appeal but then refused to pay his

1

filing fee with the Sixth Circuit. The appeal was dismissed for want of prosecution because he did not pay this fee. Regardless, the Magistrate Judge construed Plaintiff's motion liberally and affirmed that the circumstances as alleged by Plaintiff do not meet the standards set out in Fed. R. Civ. P. 60 to grant relief from judgment. The Magistrate Judge noted how Plaintiff failed to seek this document through discovery or through a public records request during the pendency of this matter, therefore showing he lacked diligence in obtaining this information as required by Fed. R. Civ. P. 60(b)(2). The Magistrate Judge then held that the Plaintiff has not demonstrated how the document is material to his claims because he does not link this evidence to any violation of his constitutional rights. Furthermore, the Magistrate Judge pointed out how the Plaintiff did not provide a copy of the interrogatories to support his assertion, as required by Fed. R. Civ. P. 60(b)(3), that Defendant lied. The Magistrate Judge also points out that the Defendant's signature on the acknowledgment form does not prove that she knew about the policy changes. Finally, the Magistrate Judge found that this circumstance does not warrant relief under Fed. R. Civ. P. 60(b)(6).

Plaintiff objects to the Report and Recommendation, alleging that the Magistrate Judge, Defendant's counsel, and the Defendant have all acted in bad faith by allowing the Defendant to commit perjury. He further objects and alleges that he could not have obtained the acknowledgment letter because he is an incarcerated individual.

Upon *de novo* review, the Court concurs with the Magistrate Judge. Even assuming hypothetically that Plaintiff could not have obtained the document through a public records request, he could have done so through the channels afforded to him during discovery. Additionally, Plaintiff has not met his burden to demonstrate that Defendant committed perjury or that the document is material to his claims. For these reasons and others thoroughly explained in the Magistrate Judge's Report and Recommendation, Plaintiff's objections are without merit.

Accordingly, the Court adopts the Magistrate Judge's thorough and well-reasoned Report and Recommendation. (ECF No. 73.) Plaintiff's Motion to Reopen the Case is **DENIED**.

**IT IS SO ORDERED.**

*s/ James L. Graham*
JAMES L. GRAHAM
United States District Judge

DATE: December 11, 2023